IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01763-MEH

VAIL SUMMIT RESORTS, INC.,

    Plaintiff,

v.

ZIP-FLYER, LLC, a Kentucky limited liability company;
ZIP-FLYER, LLC, a New York limited liability company; and
SHAWN LERNER,

    Defendants.

_____

## ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Vail Summit Resorts, Inc. ("Plaintiff") asserts one claim for breach of contract against Defendants Zip-Flyer, LLC, a Kentucky limited liability company ("ZF KY"), Zip-Flyer, LLC, a New York limited liability company ("ZF NY") (together, "Zip-Flyer Defendants"), and Shawn Lerner (collectively, "Defendants"). *See* First Amended Complaint, ECF 72 ("FAC"). Defendants filed the present Motion to Dismiss, ECF 80 ("Motion"), seeking an order dismissing Plaintiff's "claim" to pierce the corporate veil. As set forth below, Defendants' Motion is **denied**.

## BACKGROUND

    This case arises out of a dispute regarding a contract between the parties "to construct a zipline for guest use at Breckenridge Ski Resort." FAC at ¶ 1. Plaintiff is a Colorado corporation and "the lessee of Breckenridge Ski Resort." *Id.* at ¶ 9. Plaintiff alleges that Defendants breached the contract by missing various deadlines and failing to cure alleged deficiencies when asked to do so. *Id.* at ¶¶ 20–34. Plaintiff has brought this action against all three Defendants because "[a]ll

of the Defendants are parties to the [c]ontract, or are otherwise liable." *Id.* at ¶ 11. At issue here, Plaintiff claims "ZF KY and ZF NY are mere instrumentalities for the transactions of Shawn Lerner's own affairs." *Id*. at ¶ 15.

## **LEGAL STANDARDS**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima

facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## ANALYSIS

Defendants raise two arguments supporting dismissal of Plaintiff's piercing the veil claim. First, Defendants believe the claim is premature and must be dismissed on procedural grounds. Second, Defendants challenge the sufficiency of the allegations in the FAC as to the merits of the piercing the veil claim.

### I.   Procedural Argument

Defendants argue that "[b]ecause a judgment has not been obtained in this action, proceeding with a remedy to pierce the corporate veil at this stage will hamper the just, speedy, and inexpensive determination of this action." Mot. at 3. Plaintiff responds that the "allegations seeking to pierce Defendants' corporate veil were timely and appropriately made," because

Plaintiff amended its complaint to add the allegations "after [Plaintiff] learned of new evidence during the course of discovery." Resp. at 4.

Defendants' argument seems to hinge on the notion that "piercing 'the corporate veil is not a separate and independent cause of action, but rather is merely a procedure to enforce an underlying judgment.'" Mot. at 3 (quoting *Swinerton Builders v. Nassi*, 272 P.3d 1174, 1177 (Colo. App. 2012)). However, Plaintiff did not plead piercing the corporate veil as a separate cause of action. The only claim for relief in the FAC is for breach of contract. Plaintiff seeks to pierce the corporate veil only under its "Prayer for Relief." FAC at 9. Assuming Plaintiff is successful, Plaintiff may only pierce the corporate veil after Defendants become liable for breach of contract; put differently, a successful breach of contract claim will provide the "underlying judgment" by which Plaintiff may attempt to pierce the corporate veil. *Swinerton*, 272 P.3d at 1177.

However, Defendants argue the judgment must come first before Plaintiff can plead allegations of piercing the corporate veil; yet, Defendants cite no case in support of that argument. Alternatively, Plaintiff cites to two cases for the notion that "a plaintiff will typically seek to amend a complaint and add allegations sufficient to pierce the corporate veil *after* discovery has commenced, but before trial." Resp. at 4 (citing *In re Marriage of Gromicko*, 387 P.3d 58, 60 (Colo. 2017) and *United States v. Dental Dreams, LLC*, 307 F. Supp. 3d 1224, 1255 (D.N.M. 2018)). Defendants attempt to distinguish these cases by arguing the types of cases at issue (family and securities law, respectively) are materially different from the facts of this case. Reply at 4–5. Regardless of whether the Court agrees with Defendants that these cases deal with factually different circumstances, the fact remains that Defendants have provided, and the Court has found, no caselaw requiring a judgment prior to pleading allegations supporting a pierce the corporate

4

veil remedy. To the contrary, the Court has found cases from this District in which motions to dismiss were granted without consideration of the necessity of a prior judgment. *See Lopez v. Next Generation Construction & Environmental, LLC*, 16-cv-00076-CMA-KLM, 2016 WL 6600243, at *3 (D. Colo. Nov. 8, 2016) (dismissing claim for lack of allegations that entity was alter ego of individual); *XY, LLC v. Trans Ova Genetics, LC*, 13-cv-00876-WJM-NYW, 2016 WL 64310, at *3 (D. Colo. Jan. 5, 2016) (dismissing claim for lack of allegations regarding use of the corporate form to perpetrate a fraud). Accordingly, the Court finds no procedural reason to dismiss Plaintiff's piercing the corporate veil remedy.

## II.     Merit-based Arguments

Defendants also contend Plaintiff fails to adequately plead allegations sufficient to sustain a remedy for piercing the corporate veil. Mot. at 4–5. Plaintiff counters that the FAC is "sufficiently pled and detailed to survive Defendants' MTD." Resp. at 5.

In determining whether to pierce the corporate veil, the Court must consider whether "(1) the corporate entity is an alter ego or mere instrumentality; (2) the corporate form was used to perpetrate a fraud or defeat a rightful claim; and (3) an equitable result would be achieved by disregarding the corporate form." *Martin v. Freeman*, 272 P.3d 1182, 1184 (Colo. App. 2012). To determine alter ego status, courts consider various factors, including whether the entity operates as a distinct business entity, assets or funds are commingled, proper corporate records are maintained, the nature and form of the entity's ownership and control facilitate insider misuse, the business is thinly capitalized, the entity is used as a mere shell, legal formalities are disregarded, and entity funds or assets are used for non-entity purposes." *Id.* at 1184–85.

As to Plaintiff's allegations in the FAC, Paragraph 14 states:

Shawn Lerner is the 100% owner and sole member of each ZF KY and ZF NY, along with at least two other entities likewise named "Zip-Flyer, LLC." Upon

>information and belief, all such "Zip-Flyer, LLC" entities, including ZF KY and ZF NY:
>a. Are both 100% owned and controlled by Shawn Lerner, who is the founder and CEO of both companies;
>b. Use the same bank account, financial software, and Certified Public Accountant and/or Controller, which are also used by Shawn Lerner, personally;
>c. Share the same e-mail addresses, mailing addresses, website, and physical office space;
>d. Conduct a single, collective annual meeting with Shawn Lerner and the same three other individuals (Shawn Lerner's personal mentor, father, and wife), and at which meetings no written minutes are taken;
>e. Share the same employees, contractors, and advertising and marketing materials;
>f. Use the same patented technology (which patents are owned by Shawn Lerner, individually); and
>g. Perform the same engineering, design, and construction services for various zipline projects and clients.

FAC at ¶ 14.

Moreover, Paragraph 15 states:

>ZF KY and ZF NY are mere instrumentalities for the transactions of Shawn Lerner's own affairs such that Shawn Lerner is an alter ego of, among other entities, ZF KY and ZF NY, including because:
>a. Neither ZF KY nor ZF NY operate as a distinct business entity separate from Shawn Lerner;
>b. There are no adequate corporate records for either ZF KY or ZF NY;
>c. Legal formalities for each ZF KY and ZF NY are disregarded;
>d. The nature and form of Shawn Lerner's ownership and control of ZF KY and ZF NY facilitate misuse by Shawn Lerner; and
>e. Corporate funds and assets of all three Defendants have been commingled.

*Id.* at ¶ 15.

At the motion to dismiss stage, the Court must consider all factual allegations as true, but must not consider legal conclusions masquerading as allegations. *Iqbal*, 556 U.S. at 680. From the outset, the Court notes there are conclusory allegations which cannot be used to support piercing the corporate veil. *See, e.g.*, FAC at ¶ 15 ("Legal formalities for each ZF KY and ZF NY are disregarded[,]" and "[t]he nature and form of Shawn Lerner's ownership and control of ZF KY

and ZF NY facilitate misuse by Shawn Lerner."). These allegations are mere conclusions and cannot be used to support piercing the corporate veil.

While other allegations border on being conclusory, they are more factually detailed in nature and can be considered for purposes of this Motion. *See, e.g.*, *id.* at ¶ 15 ("There are no adequate corporate records for either ZF KY or ZF NY[,]" and "Corporate funds and assets of all three Defendants have been commingled."); ¶ 16 ("Shawn Lerner has used the corporate form of each ZF KY and ZF NY to avoid the contractual obligations owed to [Plaintiff] under the [c]ontract, including both financial and performance obligations under the [c]ontract."). Other allegations are truly factual and go directly to supporting piercing the corporate veil. *See, e.g.*, *id.* at ¶ 14 (ZF KY and ZF NY "[a]re both 100% owned and controlled by Shawn Lerner[,] [u]se the same bank account, . . . [s]hare the same e-mail addresses, mailing addresses, website, and physical office space[, and] [c]onduct a single, collective annual meeting with Shawn Lerner.").

Considering the FAC as a whole, the well-pleaded allegations are sufficient to support a remedy for piercing the corporate veil. Plaintiff has plausibly pleaded that the Zip-Flyer Defendants are the alter egos of Shawn Lerner. *Martin*, 272 P.3d at 1184. Taken as true, there are allegations that Shawn Lerner completely owns and controls both of the Zip-Flyer Defendants, the Zip-Flyer Defendants are not distinct entities, the Zip-Flyer Defendants' assets are comingled with Shawn Lerner's, and the proper corporate records have not been maintained. Moreover, in alleging "Shawn Lerner . . . used the corporate form of each ZF KY and ZF NY to avoid the contractual obligations owed to [Plaintiff] under the [c]ontract," FAC at ¶ 16, Plaintiff has plausibly pleaded that "the corporate form was used to perpetrate a fraud or defeat a rightful claim." *Martin*, 272 P.3d at 1184. The Court also finds the allegations plausibly allege that "an equitable result will be achieved by disregarding the corporate form." *In re Phillips*, 139 P.3d 639, 644 (Colo. 2006).

7

Therefore, taking Plaintiff's well-pleaded allegations as true, the Court finds Plaintiff plausibly pleads the remedy of piercing the corporate veil.

As a final note, Plaintiff cites to deposition testimony to support its view that the "allegations concerning Defendant's corporate veil are premised on facts." Resp. at 5. Defendants respond that the inclusion of this evidence is inappropriate, because "[a]t the motion to dismiss stage, courts generally cannot consider evidence outside of the pleadings." Reply at 6. The Court agrees with Defendants that "the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). As such, the Court did not consider the cited deposition testimony in reaching its decision.

## **CONCLUSION**

Having considered Defendants' arguments and finding Plaintiff plausibly pleaded the remedy of piercing the corporate veil, the Court **DENIES** Defendants' Motion to Dismiss [filed March 31, 2020; ECF 80].

SO ORDERED.

DATED this 25th day of June, 2020, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge