IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01763-MEH

VAIL SUMMIT RESORTS, INC.,

    Plaintiff,

v.

ZIP-FLYER, LLC, a Kentucky limited liability company,
ZIP- FLYER, LLC, a New York limited liability company, and
SHAWN LERNER,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NON-RETAINED EXPERT TROY GARLAND

**Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a motion seeking to disallow Troy Garland from certain allegedly expert testimony at trial. ECF 78. Specifically, Defendants designated Garland under Fed. R. Civ. P. 26(a)(2)(C) as a non-retained expert to testify about the zip line that is relevant to the underlying dispute here. Garland was the engineer of record for the design and construction of the zip line that Defendants were supposed to deliver to Plaintiff. Plaintiff has alleged that "Defendants repeatedly failed to adhere to their agreed upon deadlines, in addition to performing sub-par work and purchasing, delivering, and installing incorrect materials on the build site." ECF 21, at 2. In the First Amended Complaint, Plaintiff alleges, among other things, that the zip line cables as installed "did not conform or match the design specifications of the project." ECF 72, ¶ 26. Further, Plaintiff alleges that it was required to find a new vendor to finish the zip line, but "that vendor discovered Defendants' design was unworkable. The zip line had to be re-designed and built anew, which work

continues today." ECF 87, at 2.

While Plaintiff does not dispute that Garland, as engineer of record, is a relevant fact witness, it contends that (1) the proposed "expert" testimony is not that at all, but rather fact testimony, a reiteration of his involvement with the project; (2) the designated "expert" testimony is duplicative of Defendants' expert Shawn Lerner; and (3) Garland should not be permitted to render testimony outside of his disclosure. Defendants respond that Garland's proposed expert testimony goes beyond a recitation of his conduct as an engineer and is appropriate under the rules of evidence because of his education and training in the engineering field. Defendants admit that Garland's testimony has some overlap with Lerner but that the extent of the overlap is a matter that can be governed by me at trial. Finally, Defendants do not purport to have Garland testify beyond the scope of his designation and, thus, concede by omission that Garland will stay within the parameters of the disclosure.

First, Plaintiff does not dispute that Garland is a necessary fact witness. It appears that he will testify at trial (indeed, Plaintiff quotes Garland extensively as part of its claims section in the Final Pretrial Order, ECF 87, and lists him as a "may call" witness). I agree with Plaintiff that most of Garland's proposed testimony arises from his involvement with the project. However, Defendants' Second Amended Rule 26(a)(2) Expert Disclosures (*see* ECF 77-1) states that Garland will, among other things, testify (1) "that the ride was designed correctly and if built to specifications would work as intended," and (2) "all . . . design calculations meet F24 2959 [ASTM standard for aerial adventure courses] Design standards." *Id.* at 2. These appear to me to be expert opinions, and Plaintiff does not challenge Garland's professional qualifications. Plaintiff expresses a legitimate concern about juror confusion over Garland's dual role of fact and expert witness. I

believe any such risk can be mitigated by appropriate jury instructions and cautions regarding that nature of Garland's involvement with the underlying dispute and the limited expert testimony he will provide during his appearance on the stand. Further, Plaintiff's counsel is certainly permitted to cross examine Garland on his potential motive in supporting Defendants' case. Finally, what I do not know at this time is whether those expert opinions will be relevant in light of the theories of liability asserted by Plaintiff during its case in chief. That is a decision that will be made at the trial.

Second, Defendants acknowledge that it would be inappropriate for Garland and Lerner to duplicate one another's testimony. Defendants assert, and I agree, that I can police the potential redundancy and sustain appropriate objections under Fed. R. Evid. 403 (permitting omission of cumulative evidence). In short, Defendants will not be permitted (and I doubt they would even seek) to frustrate the jury with identical testimony from two expert witnesses.

Last, as Defendants apparently (and must) concede, no expert will be permitted to render opinions on topics beyond those identified in the disclosure and, moreover, beyond what is relevant to the material issues in the case. Because it is not clear to me that Defendants are seeking to introduce the type of evidence addressed in the latter part of Plaintiff's motion, I do not find it necessary to grant that part of the requested relief but to simply state the evidentiary principles that will guide me at trial.

Therefore, Plaintiff's Motion to Strike Defendants' Non-Retained Expert Troy Garland, ECF 78, is **denied**.

Dated this 27th day of July, 2020, at Denver, Colorado.

                                                          BY THE COURT:

                                                          *Michael E. Hegarty*

                                                          Michael E. Hegarty
                                                          United States Magistrate Judge